UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ogonnaya V. O. *ex rel.* M. C. O.,   Case No. 21-cv-2334 (TNL)

      Plaintiff,

v.   **ORDER**

Martin O'Malley,
Commissioner of Social Security, [1]

      Defendant.

---

Ogonnaya V. O., 804 Sixth Street Northwest, Apartment 1, New Brighton, MN 55112 (Pro Se Plaintiff); and

Ana H. Voss, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Emily Carroll and James D. Sides, Special Assistant United States Attorneys, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

---

This matter is before the Court on pro se Plaintiff Ogonnaya V. O.'s motion, ECF No. 35, requesting that the Court reconsider its September 22, 2023 Order, which affirmed the decision of the administrative law judge ("ALJ") that Plaintiff's child was not disabled. *See generally* ECF No. 33. Again, in light of Plaintiff's pro se status, the Court has liberally construed his submissions.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment. *See generally* Fed. R. Civ. P. 59(e). "Motions under Rule 59(e)

---

[1] The Court has substituted Commissioner Martin O'Malley for Kilolo Kijakazi. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

1

serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (quotation omitted). Plaintiff has not argued that the Court made a manifest error of law or fact,[2] nor has he presented newly discovered evidence related to the period in question. Instead, Plaintiff argues that his child is at a "critical point," the child's condition has worsened, and benefits are needed to financially support his family. *See, e.g.*, ECF No. 35 at 2. The Court therefore looks to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) also permits a party to move for relief from a final order or judgment. *See generally* Fed. R. Civ. P. 60(b). Not fitting neatly within the grounds listed in Rule 60(b)(1) through (5), the Court construes Plaintiff's motion as seeking relief under Rule 60(b)(6), the catchall provision, which permits relief for "any other reason that justifies relief." *See City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) ("The purpose of Rule 60(b)(6) is to broaden the grounds for relief to encompass scenarios not covered by the preceding five subsections . . . ."); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022). "[R]elief under [R]ule 60(b)(6) remains an extraordinary remedy for exceptional circumstances." *City of Duluth*, 702 F.3d at 1155 (quotation omitted); *see also Kemp*, 596 U.S. at 533. "Under Rule 60(b)(6), relief

---

[2] To the extent Plaintiff argues that the Court "should have given [him] time to respond to the [Commissioner's] recent request for . . . summary judgment," ECF No. 35 at 2, the Court notes that it previously found the Commissioner's motion, filed on September 22, 2023, to be untimely and did not consider the motion. ECF No. 33 at 14 n.4; *see generally* ECF No. 30.

is only available where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (quotation omitted).

Again, as the Court previously observed, "Plaintiff's filings reflect the genuine and understandable concerns of a parent regarding the present and future economic impact the medical care for his child has had and will continue to have on his family." ECF No. 33 at 4. And again, "[t]he Court appreciates and empathizes with Plaintiff's pragmatic concerns" and the situation as a whole. ECF No. 33 at 4. At the same time, as the Court previously stated, "eligibility for disability benefits turns on the nature of the severe impairment during the applicable period." ECF No. 33 at 4. Plaintiff previously argued that his child's condition had changed since the ALJ's decision, an argument the Court considered. ECF No. 33 at 10-13. As the Court explained, "[t]he child's sickle cell disease must meet or equal the specified criteria at the time relevant to the application" and "[t]here is substantial evidence in the record as a whole to support the ALJ's conclusion that Plaintiff's child did not." ECF No. 33 at 13. Respectfully, Plaintiff is making the same argument again.

In affirming the ALJ's decision, "the Court echoe[d] the words of the ALJ, who took pains to advise Plaintiff of the option to reapply should his child's condition worsen." ECF No. 33 at 13. The Court understands that Plaintiff would prefer not to reapply. But this preference is not the same as not having an opportunity to pursue a claim based on a change in his child's condition. To that end, the Court again "encourages Plaintiff to

consult with an attorney or legal aid organization about the possibility of reapplication." ECF No. 33 at 13.

## ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's motion, ECF No. 35, is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January  18 , 2024

                *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Ogonnaya V. O. ex rel. M. C. O. v. O'Malley*
Case No. 21-cv-2334 (TNL)